UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROBERT BURKART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF HARVARD | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT**
**FOR VIOLATION OF THE FLSA**

Plaintiff, Robert Burkart brings this action against the above captioned Defendant, The City of Harvard, for violations of the Fair Labor Standards Act, for failing to pay the Plaintiff overtime compensation at a rate of 1.5 times his regular rate of pay earned and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) and 217, as this action involves a federal question under the Fair Labor Standards Act (hereinafter "FSLA").

2. This Court has original and personal jurisdiction over this action because the Defendant is a municipal entity located in the County of McHenry and State of Illinois and the actions complained of occurred in Illinois.

3. Venue is appropriate in the Western Division of the Northern District of Illinois pursuant to 28 U.S.C. 1391(b) because the acts complained of by the Plaintiff occurred in Harvard, Illinois, and because the Defendant's principal place of business or headquarters is in Harvard, Illinois, specifically 201 West Diggins Street, Harvard, Illinois.

## THE PARTIES

4. At all times relevant to this action, the Plaintiff Robert Burkart resided in Harvard, Illinois.

5. Plaintiff, Robert Burkart, was employed by Defendant starting on or around March of 2000 and ending his employment on February 28, 2013.

6. At the time of the termination of his employment, the Defendant was employed by the Plaintiff as the Supervisor of Parks and Recreation.

7. The Defendant, the City of Harvard, is a municipal entity organized and existing under the laws of the State of Illinois, with its principal place of business located at 201 West Diggins Street, Harvard, Illinois 60033.

8. The Defendant qualifies for and is subject to coverage under the FLSA for all the relevant time periods contained in this Complaint as it is a public agency and is therefore subject to the Fair Labor Standards Act.

9. At all relevant times the Defendant has been and continues to be an employer within the meaning of 29 U.S.C. §§ 203(d), 206(a) and 207(a).

10. The Defendant employed the Plaintiff as an employee within the meaning of 29 U.S.C. § 203(e)(2)(C).

**GENERAL ALLEGATIONS**

11. As noted above, the Plaintiff was employed by Defendant as the Superintendent of Parks and Recreation from March of 2000 until his termination on February 28, 2013.

12. Under applicable employment law, an employee is classified as exempt versus non-exempt according to their job duties, not their job title. Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

13. As a manager who is exempt from overtime, employees must exercise the requisite discretion, management, and independent judgment with respect to matters of significance, and should not be performing menial work duties (e.g., building and grounds maintenance and manual labor).

14. During his tenure, the Plaintiff was deemed by the Defendant to be an exempt employee, and was paid on a salaried basis. However, the Plaintiff was in reality a non-exempt employee, as more than 50% of the employee's duties involved maintenance of park facilities, the aquatic center, grounds keeping and other manual labor related to the upkeep of the facilities of the Department and not normally the duties of a management employee.

15. Based upon his work duties, Plaintiff was misclassified by the Defendant as an exempt employee.

16. As well, during his tenure, the Plaintiff was required by his employer to maintain an hourly work log, detailing the hours worked each week. The Plaintiff was required to report the hours worked each week to his employer in order to receive his paycheck.

17.     Plaintiff was paid  $22.85 per hour for a forty hour work week during his employment as the Supervisor of Parks and Recreation.  Therefore, his overtime hourly rate would have been $34.28 per hour.

18.     Due to the nature of the job responsibilities and requirements set forth by the Defendant, the Plaintiff was required at times to perform maintenance and office tasks impossible to meet within the standards of a regulation workweek.  Plaintiff was required to work more than forty (40) hours a week during the course of his employment with the Defendant in order to complete the tasks assigned to him by the Defendant.

 19.    FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" See,  Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

20.     Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

21.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for work in excess of forty (40) hours per week.

22.     During his tenure, the Plaintiff was required to work overtime hours during the busiest times of the year, often working up to eighty hours a week in order to complete his job duties.

23.     Despite working more than forty hours a week during the busiest times of the year, the Plaintiff was only compensated for forty hours each week throughout his employment.

24. Further, during the times that the Plaintiff was working in excess of forty hours each week, the Plaintiff was instructed by his employer to log those hours on his time sheet but was later required to shift those hours to other weeks when he worked less than forty hours in order to avoid paying overtime wages to the Plaintiff.

25. Further, during weeks when the Plaintiff worked less than forty hours per week, the Defendant "borrowed" hours from weeks when the Plaintiff accrued more than forty hours, and compensated the Plaintiff for hours that had not been worked that week in order to reach forty hours per week on an hour-for-hour basis. As well, the Plaintiff was aware that such time shifting of hours was employed in the same manner by the Defendant as to other non-exempt employees in order to avoid paying overtime wages for weeks when those employees worked beyond a regulation forty hour week.

26. That such shifting of overtime hours to weeks with less hours was a willful act on the part of the employer to avoid paying overtime hours to the Plaintiff for weeks when the Plaintiff worked in excess of forty hours a week.

27. Further, the Defendant's policy did not constitute permissible compensatory time, pursuant to 27 U.S.C. §207(o), as there was no agreement between the Plaintiff and Defendant to compensate the Plaintiff in that manner. Further, the Defendant shifted such hours on an hour-for-hour basis, rather than compensating the Plaintiff at the rate of one and one half hours for each hour of overtime, as required under that section.

27. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rate, is in the possession of the Defendant.

## COUNT I - OVERTIME DUE UNDER THE FLSA

28. Paragraphs 1 - 27 are realleged as if fully set forth herein.

29. At all relevant times, the Defendant employed Plaintiff within the meaning of the FLSA.

30. As stated herein, Plaintiff was improperly classified by the Defendant as exempt; however, his work duties and pay dictate that he should have been classified and compensated as a non-exempt employee, regardless of his title.

31. The Defendant has a policy and practice of willfully refusing or failing to pay overtime compensation due to the Plaintiff, as well as other employees, for the hours worked in excess of forty (40) hours per week by shifting overtime hours to pay periods when less than forty hours were worked by the employee.

32. Defendant willfully classified Plaintiff as "Supervisor of Parks and Recreation" in an effort to avoid paying him earned overtime. However, an employee is classified as exempt versus non-exempt according to their job duties, not their job title. Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

33. The Defendant's failure to pay Plaintiff overtime compensation at a rate not less than one and one-half times the rate at which he was employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. § 207.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Due to the Defendant's FLSA violations, Plaintiff has suffered damages, and is entitled to recover from the Defendant the unpaid overtime compensation, and an additional amount equal

as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for:

a. That the Court find the Defendant in violation of the overtime compensation provisions of the FLSA.

b. That the Court find that the Defendant's violations of the FLSA were willful.

c. That the Court award the Plaintiff overtime compensation for all the previous hours worked over forty (40) hours that he did not receive at least one and one-half time compensation for, in any given week during the past three years, and liquidated damages of an equal amount of the minimum compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA.

d. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA.

e. That the Court award any other legal and equitable relief as this Court may deem appropriate.

Respectfully Submitted,

S/John W. Gaffney

The Law Office of John W. Gaffney
67 North Ayer Street, Suite 101
Harvard, Illinois 60033
(815) 943-0900
FAX—(815) 943-7916

## **VERIFICATION**

I, Robert Burkart, having been duly sworn and upon oath, state that I have read the contents of this petition and that the facts asserted therein are true and correct, to the best of my knowledge and belief.

S/Robert Burkart
Robert Burkart


Subscribed and Sworn to Before Me This \_\_\_ Day of May, 2015.

_____
Notary Public



Prepared By:

The Law Office of John W. Gaffney
67 North Ayer Street, Suite 101
Harvard, Illinois  60033
(815) 943-0900
FAX - (815) 943-7916